984 So.2d 657 (2008)
The STATE of Florida, Appellant,
v.
Eldrick WOODING, Appellee.
No. 3D01-1168.
District Court of Appeal of Florida, Third District.
June 25, 2008.
Bill McCollum, Attorney General, and Richard L. Polin, Miami, Chief Assistant Attorney General, for appellant.
Bennet H. Brummer, Public Defender, and John Eddy Morrison, Miami, Assistant Public Defender, for appellee.
Before GERSTEN, C.J., and COPE and GREEN, JJ.
PER CURIAM.
This case is before us on remand from the Florida Supreme Court, which quashed this Court's opinion in State v. Wooding, 858 So.2d 334 (Fla. 3d DCA 2003), and remanded for reconsideration in light of Milks v. State, 894 So.2d 924 (Fla.2005). We reverse.
The State of Florida charged the defendant, Eldrick Wooding, by information, with one count of failing to register as a *658 sexual predator as required by section 775.21(10)(a), Florida Statutes (2007). Wooding filed two motions to dismiss. The first motion was a general challenge to the constitutionality of section 775.21, and the second motion claimed that the statute, "as applied" to Wooding, was unconstitutional because it was vague and violated Wooding's equal protection rights, including the right to travel without having a permanent or temporary residence. The trial court found that the statute was unconstitutional as applied to Wooding and granted the motion to dismiss on this ground. The State appealed that order. This Court affirmed based on Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003).
In the Florida Supreme Court, counsel for Wooding argued, in part, that the trial court's "as applied" constitutional basis had not been addressed or disposed of by this Court's original opinion. Wooding. Thereafter, the Supreme Court of Florida reversed Espindola in the case of Milks, and remanded the instant case to this court for further consideration in light of Milks "and any other matters that were properly raised before the Third District but not controlled by Milks." State v. Wooding, 940 So.2d 1109 (Fla.2006).
Based upon the United States Supreme Court's holding in Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), and the Supreme Court of Florida's holding in Milks, we conclude that section 775.21 is facially constitutional. We conclude that the statute is not unconstitutional as applied to the facts of this case. We reverse and remand the cause to the trial court for further proceedings consistent with this opinion.